BAKER, Judge,
with whom ERDMANN, Judge, joins (dissenting):
Although I agree with the lead opinion’s legal framework, I respectfully dissent from its application of that framework to these facts.
The lead opinion concludes that Appellant has not carried his burden of persuading this court that trial counsel’s sentencing argument was plain error. In reaching this conclusion the lead opinion relies on three arguments. First, the war on drugs is common knowledge. Second, trial counsel only referred to Appellant as a traitor once, and when he did so the term was qualified by the word “almost.” Third, “treason” is defined, inter alia, as “the betrayal of a trust.” 58 M.J. 176. Thus, trial counsel’s reference to Appellant as “almost a traitor” was “fair comment on the evidence” because “Appellant had betrayed the trust placed in him as a member of the United States Marine Corps.” Id. In essence, the lead opinion argues, trial counsel used the word traitor in its colloquial and descriptive sense, and not in its constitutional sense to describe someone who commits treason, like Benedict Arnold.
I disagree. I think the better view is that trial counsel was appealing to the members’ sense of duty and patriotism as Marines by suggesting that Appellant’s offenses were the equivalent of treason as used in the constitutional sense. To a panel of members sworn to uphold and defend the Constitution, such suggestion, in my view, is inflammatory and runs undue risk of drawing the members unfairly away from the evidence at hand.
This is clear from the context of trial counsel’s full argument:
Now as warriors you know you can always fight the battle and fight the enemy on the battlefield. But true tacticians know you win the war by knocking out the logistics ____ Now Marines stand for an awful lot of things. We stand for what is right in this country. We defend our borders. We have honor and courage. We don’t stand for perfect drug courier and we shouldn’t be the type of people that drug couriers should recruit____ The reason thirty years is authorized is because it’s worth a lot____ [The accused is] [a]lmost a traitor to our country in that he’s bringing in drugs when we are trying, as a nation, to stop them from coming in. We employ thousands of dollars, millions of dollars in doing that, employing the military to stop the drugs____ [H]e tarnished our image. He committed the serious offense against this nation.
*178 First, trial counsel’s reference to Appellant as “almost a traitor” comes in the context of war. The “war on drugs” is indeed a matter of common knowledge and a colloquialism for efforts to address the importation and use of drugs in the United States. However, counsel did not limit his argument to the policy metaphor. Rather, he appealed to the members as warriors to do their duty in this war. That duty, I infer in the context of a sentencing argument, was to levy harsh punishment.
Second, in his reference to Appellant as “almost a traitor,” trial counsel stated, “[Appellant] committed the serious offense against this nation.” This is the language of treason as understood in the Constitution as a crime against the nation. (“Treason against the United States shall consist only in levying War against them, or in adhering to their Enemies, giving them Aid and Comfort.” US Const, art. Ill, § 3 (emphasis added)). Nor is this reference a momentary metaphor, it is a central theme in trial counsel’s closing argument covering three pages in the record.
Finally, if one adopts the lead opinion’s view that trial counsel’s argument was fair comment on the evidence because Appellant betrayed a trust, then it is fair comment in any case in which a member of the armed forces commits a common crime. Any accused within the military justice system would become a traitor for acts of “treason” against “trust placed in [him/her] as a member of the United States [Armed Forces].” 58 M.J. 176. This does not strike me as an analytic formula suited to upholding a fair and impartial system of military justice. In a military courtroom, the labeling of an accused as a “traitor” is particularly inflammatory. Therefore, until this Court overrules United States v. Baer, 53 M.J. 235 (C.A.A.F. 2000), and United States v. Clifton, 15 M.J. 26 (C.M.A.1983), I would consider such language in the context of a drug trial outside the bounds of fair comment.
Appellant betrayed the trust of the Marine Corps and the public the Marine Corps serves; but Appellant was not on trial for treason against the nation in the war on drugs. Rather, he was on trial for importing drugs into the United States in the context of a United States effort to stem the tide of drugs referred to as a “war on drugs.” We should be confident he was sentenced for the crime for which he was charged and convicted.